Battle J.
 

 The counsel for the defendant admits that if any one count of the indictment can be sustained, the judgment is not to be arrested; but, he contends that they are one and all invalid. His objection to the first five counts is, that the bank whose note, &o., is alleged to have been stolen, is not a bank of any one of the United States, but is a corporation created by an act of the Congress of the United States ratified the 11th day of July, 1862, and that the stealing of
 
 *578
 
 its notes is not forbidden by the Rev. Code, ch. 34, s.
 
 20. We
 
 cannot agree with the counsel in his construction of our act. The language is
 
 “If
 
 any person shall feloniously steal, take and carry away, or take by robbery any bank note, check or order for the payment of money, issued by, or drawn on any bank, or other society or corporation within this State, or within any of the States,” &c., “such felonious stealing, taking and carrying away, or taking by robbery, shall be deemed and construed to be felony,” &c. In the present case the stolen note was issued by a bank within one of the United States, to-wit the State of New York, and is therefore within the letter of the act, and there cannot be the slightest doubt, but that it is also within its spirit and meaning. The act is silent as to the authority by which the bank must be chartered, and the mischief of stealingone of its notes from a
 
 bona fide
 
 holder, is the same, whether it derived its existence from an act of Congress, or from the legislature of New York. In the case of the
 
 State
 
 v.
 
 Brown,
 
 8 Jon., 443, cited and relied upon by the counsellor the defendant, the indictment omitted to mention that the bank note charged to be stolen was issued, by any bank doing business either in this or any other State of the United States,' and the judgment was properly arrested on that express ground. As at least one, if not more, of the first five counts of the indictment is good and sufficient, it is unnecessary to notice the sixth count. We think his Honor erred in ordering the judgment to be arrested, and, in consequence of this error, the judgment of the Superior Court must be reversed, which must be certified as the law directs.
 

 Per Cdrujt. There is error.